**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

———————————————————

No. 98-30899

———————————————————

Oscar Lavan Merritt,

Plaintiff-Appellant,

v.

Boise Cascade Corporation,

Defendant-Appellee.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-440)

———————————————————

December 20, 1999

Before KING, Chief Judge, REYNALDO G. GARZA, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant Oscar Lavan Merritt ("Merritt") appeals the district court's grant of summary

judgment to appellee, Boise Cascade Corporation ("Boise"). Merritt brought suit under the

Section 794(a) of the Rehabilitation Act, 29 U.S.C. § 793, and under the Louisiana Employment

Discrimination Law, La. R.S. 23:301, *et seq*. Both claims require determining whether Merritt

was an individual with a disability as defined by the Americans with Disabilities Act ("ADA"), 42

U.S.C. § 12112(a). Because the summary judgment evidence does not establish that Merritt was

---

[1]    Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

disabled, we affirm the district court's order, dismissing his claims under both acts.

## I.

Merritt was a maintenance employee for Boise. He suffered a back injury on the job resulting in surgery. Merritt's treating physician allowed Merritt to return to work after a recuperative period and subject to a 25/50 pound weight restriction. Merritt returned to full-time work on July 26, 1994. Boise allowed Merritt to slowly return to his normal workday, permitting Merritt to work in the mechanic's repair shop and to come to work late and leave early to accommodate his pain and endurance. Boise allowed Merritt to continue on this schedule until March 6, 1996. Around that time Boise received a number of complaints from other workers that Merritt was not completing his work. After receiving reports from the independent physician and Merritt's treating physician that Merritt could return to full duty, Merritt's supervisor told Merritt that he would have to return to his regular work schedule subject to the stated lifting restriction. Merritt protested that he would not be able to work regular hours due to his pain and the side effects of pain medicine. Cascade then terminated Merritt's position for his failure to perform the job. Merritt brought suit asserting the State and Federal claims discussed above. Cascade then filed a motion for summary judgment based on, *inter alia*, the fact that Merritt was not disabled under the ADA. The district court granted the motion for summary judgment and Merritt appeals.

An order granting summary judgment is reviewed de novo, *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 725 (5th Cir. 1995).

## II.

The starting point for both of Merritt's claims is whether Merritt was an individual with a

disability under the definition of the ADA. An individual with a disability is defined as "any person who has a physical or mental impairment which substantially limits one or more of such persons' major life activities, or has a record of such an impairment, or is regarded as having such an impairment." 42 U.S.C. § 12112(a); La. R.S. 23:322(3). Both parties agree that Merritt had a physical impairment. Boise maintains, however, that Merritt's impairment did not substantially limit one of his major life activities, and that Merritt had no record of such an impairment nor was he regarded as having such an impairment.

The ADA does not define the phrase "substantially limits." However, the regulations promulgated by the Equal Employment Opportunity Commission ("EEOC") implementing the ADA provide guidance. The district court relied on the following EEOC definition of "substantially limits:"

(I) Unable to perform a major life activity that the average person in the general population can perform; or

(ii) Significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

45 C.F.R. § 1630.2(j)(1)

The following factors are considered in determining whether an individual is limited in a major life activity:

(I) the nature and severity of the impairment;
(ii) the duration or expected duration of the impairment; and
(iii) the permanent or long term impact, or the expected permanent or long term     impact of or resulting from the impairment.

45 C.F.R. § 1630.2(j)(1-2). *See also Dutcher*, 53 F.3d 723 (5th Cir. 1995).

"Major life activities" are "functions such as taking care of one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." La. R.S. 23 § 322 (7). "This listing is not intended to be exhaustive. Other major life activities could include lifting, reaching, sitting, or standing." *Dutcher*, 53 F.3d at 726 n.7.

The court must first address whether the plaintiff's impairment substantially limits a major life activity other than working. *Id.* at 726. Merritt presented affidavits from two doctors in support of his contention that he was substantially limited in one or more major life activities. Boise presented deposition testimony in which Merritt agreed that he was able to take care of himself after surgery and that he had been on several hunting trips in Colorado in the past year.

The district court concluded that based on the entirety of the evidence, Merritt did not have an impairment that substantially limited one or more major life activities other than working. We agree. Although there is evidence showing that Merritt endured some pain in performing everyday activities, Merritt testified that he was able to care for himself, perform manual tasks, work, travel substantial distances, and hunt.

The district court also found that Merritt was not substantially limited in performing the major life activity of working. At Boise's request, a functional capacity examination and job analysis was conducted by Dr. Phillip Osborne. Dr. Osborne concluded that Merritt could return to full-time work subject to a maximum lift of no more than 50 pounds and frequent lifting of no more than 25 pounds. Merritt's then attending physician, Dr. Jorge Martinez, concurred with Dr. Osborne's conclusions.

In the context of working, "The term 'substantially limits' means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared

to the average person having comparable training, skills, and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2 (j)(3)(I). The district court concluded that the only restriction of which Cascade was aware prior to Merritt's termination was a lifting restriction. Such a lifting restriction alone does not constitute a substantial limitation on the major life activity of working. *Sherrod v. American Airlines*, 132 F.3d 1112, 1120 (5th Cir. 1998).

## II.

Merritt alternatively alleges that he "had a record of such an impairment" or was "regarded as having such an impairment" by Boise. This means that "the plaintiff must show that at some point in the past, "[he] was classified or misclassified as having a mental or physical impairment that substantially limits a major life activity." *Sherrod* at 1120-21, citing *Burch v. Coca-Cola Co.*, 119 F.3d 305, 321 (5th Cir. 1997). To show that he "was regarded as having such an impairment," Merritt must show that Boise regarded Merritt as significantly restricted in his ability to perform a class or a broad range of jobs. *Bridges v. City of Bossier*, 92 F.3d 329, 332 (5th Cir. 1996). The district court found that while Merritt may have been regarded as having an impairment, his impairment was not regarded as substantially limiting any of his major life activities. We agree.

At the time of Merritt's termination, there was no medical evidence before Boise stating that Merritt needed a flexible work schedule. Merritt contends that Boise regarded Merritt as disabled because Boise allowed Merritt to work a flexible schedule for 18 months. However, as the Seventh Circuit aptly stated an employer "must not be punished for its generosity by being deemed to have conceded the reasonableness of so far-reaching an accommodation," *Vande*

*Zande v. State of Wisconsin Dept. of Admin.*, 44 F.3d 538, 545 (7th Cir. 1995). Boise accommodated Merritt after he had returned to work full-time far longer and more fully than any medical evidence suggested it needed to accommodate him. Based on Boise's independent evaluation of Merritt and the fact that Merritt's attending physician agreed with the evaluation's results, Boise concluded that Merritt could work full-time, subject only to lifting restriction. As stated previously, a lifting restriction in and of itself does not constitute a disability under the ADA. *Sherrod*, 132 F.3d at 1120. Thus, Boise's own evaluation of Merritt prevented Boise from "regarding Merritt as disabled" within the meaning of the ADA.

## CONCLUSION

Merritt failed to show that he was an individual with a disability under the ADA. This element is essential to his claims under both Section 794(a) of the Rehabilitation Act, 29 U.S.C. § 793 and under the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.* Therefore, the order of the district court is AFFIRMED.